IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY; BEAZLEY INSURANCE COMPANY, INC.; PIONEER UNDERWRITERS; CANOPIUS UNDERWRITING AGENCY, INC.; HARLOCK MURRAY UNDERWRITERS; INTERNATIONAL MARINE UNDERWRITERS; STARR INDEMNITY & LIABILITY COMPANY; LLOYDS OF LONDON through PRICE FORBES & PARTNERS, LTD., <br><br>Plaintiffs, <br><br>v. <br><br>FOSS MARITIME COMPANY, a Washington corporation, <br><br>Defendant. | Case No. <br><br> IN ADMIRALTY <br><br> COMPLAINT |

**I.     INTRODUCTION**

1.     This is an admiralty or maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, and is within the jurisdiction of this Court pursuant to the general maritime law and 28 U.S.C. § 1333.

COMPLAINT - 1

## II.     PARTIES

2. Plaintiffs United States Fire Insurance Company, Beazley Insurance Company, Inc., Pioneer Underwriters, Canopius Underwriting Agency, Inc., Harlock Murray Underwriters, International Marine Underwriters, Starr Indemnity & Liability Company, and Lloyds of London through Price Forbes & Partners, Ltd. are subscribing underwriters to Policy No. AJG-19-056 ("the Policy"), insuring O'Hara Corporation ("O'Hara"), against certain hull and machinery losses to its vessel F/V ENTERPRISE, O.N. 657383 ("the Vessel").

3. Defendant Foss Maritime Company is a Washington corporation with its principal place of business in Seattle, Washington.

## III.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter in admiralty under 28 U.S.C. §1333 because it involves a dispute over a contract for the repair of the Vessel which is a maritime contract. This a maritime tort for which the Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1333.

5. This Court has personal jurisdiction over the defendant by it conducting business in Seattle, Washington.

6. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §1391(b)(1) and (2).

## IV.     FACTS

7. In or about October 2016, O'Hara contracted with defendant to perform certain repairs to the Vessel at the defendant's shipyard in Seattle, Washington ("the 2016 ship repair contract"). The repairs included the replacement of the Vessel's stern tube and bearings, as well as other repairs to the Vessel's propulsion shaft arrangement. As part of this contracted work, defendant was responsible for the proper installation of the stern tube and the proper alignment of the Vessel's entire propulsion shaft arrangement from the propeller to the gear box in accordance

COMPLAINT - 2

with the stern tube installation procedures and schematics provided by O'Hara and good industry practice.  Defendant purportedly performed the repairs and delivered the Vessel to O'Hara in or about January 2017 whereupon the Vessel returned to service in the Alaska fishing industry. Thereafter, the Vessel experienced continuous premature failures and/or damage to its propeller, tailshaft, stern tube, stern tube bearings, propulsion shaft arrangement, main engine and other equipment well beyond normal wear and tear, which necessitated extensive repairs.  Investigation of such damage in 2020 revealed that that it and such prior damage was caused by defendant's failure to properly install the stern tube and properly align the entire propulsion shaft arrangement in 2016 in accordance with the procedures and schematics provided by O'Hara and good industry practice.

8. O'Hara submitted a claim under the Policy seeking hull and machinery coverage for damage to the Vessel's tailshaft, stern tube, stern tube bearings, propulsion shaft arrangement, main engine, and other equipment caused by defendant's defective workmanship.  Pursuant to the terms of the Policy, Plaintiffs paid O'Hara $512,699.11 on its claim and thereby became subrogated to O'Hara's rights against defendant.  Plaintiffs seek to recover the above sum and O'Hara's $50,000 deductible, applicable under the Policy, pursuant to WAC 284-30-393.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

9. Plaintiffs incorporate by reference the allegations in Paragraphs 1–8 as fully set forth herein.

10. Defendant, pursuant to the 2016 ship repair contract, agreed to properly perform the contracted for repairs, including but not limited to, the installation of the stern tube and alignment of the Vessel's entire propulsion shaft arrangement, and deliver the Vessel to O'Hara with the contracted for repairs completed to O'Hara's satisfaction.

11. Defendant materially and substantially breached the 2016 ship repair contract through various acts and omissions, including but not limited to, its failure to properly install the Vessel's

COMPLAINT - 3

stern tube and properly align the Vessel's entire propulsion shaft arrangement.

12. Defendant's material breach of the 2016 ship repair contract was the proximate cause of the damages sought by plaintiffs herein.

### SECOND CAUSE OF ACTION: BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE

13. Plaintiffs incorporate by reference the allegations in Paragraphs 1–8 as fully set forth herein.

14. The 2016 ship repair contract includes an implied warranty of workmanlike performance.

15. In accordance with subrogation principles, plaintiffs are a beneficiary of, and may claim, the warranty of workmanlike performance.

16. Defendant failed to properly repair the Vessel in a workmanlike manner in that it failed to exercise the same care and diligence as would be exercised by ordinarily prudent and skillful ship repairers under the same circumstances as presented to defendant at all times relevant, including but not limited to, defendant's failure to properly install the Vessel's stern tube and properly align the Vessel's entire propulsion shaft arrangement.

17. The damages sought herein are the direct, foreseeable and proximate result of defendant's breach of its warranty of workmanlike performance.

### THIRD CAUSE OF ACTION: NEGLIGENCE

18. Plaintiffs incorporate by reference the allegations in Paragraphs 1–8 as fully set forth herein.

19. Defendant had a duty to O'Hara to act with reasonable care in performing the above referenced 2016 repairs to the Vessel's stern tube and bearings and propulsion shaft arrangement.

20. Defendant breached its duty of reasonable care to O'Hara in performing the above referenced 2016 repairs to the Vessel's stern tube, stern tube bearings and propulsion shaft

COMPLAINT - 4

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

arrangement through various acts and omissions, including but not limited to, its failure to properly install the Vessel's stern tube and align the Vessel's entire propulsion shaft arrangement.

21. The damages sought herein are solely the direct, foreseeable and proximate result of defendant's breach of the duty of reasonable care it owed to O'Hara.

## VI. PRAYER FOR RELIEF

Plaintiffs pray for relief against defendant as follows:

1. An award of damages in the amount of $562,699.11, or such other amount proven at trial;

2. An award of pre-judgment interest;

3. An award of costs and attorney's fees incurred by plaintiffs in bringing this action; and

4. For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 5th day of November, 2021.

HARRIGAN LEYH FARMER & THOMSEN LLP

By  *s/ Michelle Buhler*
Michelle Buhler, WSBA #16235

By  *s/ Charles Jordan*
Charles Jordan, WSBA #19206

999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel: 206-623-1700
Fax:  206-623-8717
Email:  michelleb@harriganleyh.com
             chipj@harriganleyh.com

***Attorneys for Plaintiffs***

COMPLAINT - 5

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717